UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHAFONDA P. GHOLSON and SINBAD S. GHOLSON,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>Defendants. | Case No. 2:19-cv-00246-GMN-PAL<br><br>**ORDER**<br><br>(IFP App. – ECF No. 1) |

This matter is before the court on Plaintiffs Shafonda P. Gholson and Sinbad S. Gholson Application to Proceed *In Forma Pauperis* (ECF No. 1). This Application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Plaintiffs are proceeding in this action *pro se*, which means they are not represented by an attorney. *See* LSR 2-1. This case involves their allegations of civil rights violations pursuant to 42 U.S.C. § 1983. Plaintiffs have submitted a proposed complaint and requested authority to proceed *in forma pauperis* ("IFP"), meaning without prepaying the filing fee.

Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $400 filing fee is required to commence a civil action in a federal district court. Any person who is unable to prepay the fees in a civil case may apply to the court for IFP status. *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. However, the court must apply "even-handed care" to ensure that "federal funds are not squandered to underwrite, at public expense, either frivolous claims" or the colorable claims of a plaintiff "who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (collecting cases); *see also Denton v. Theirnandez*, 504 U.S. 25, 31 (1992) (recognizing Congress' concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic

1

incentive to refrain from filing frivolous, malicious, or repetitive lawsuits"). It is within the court's discretion to make a factual inquiry into a plaintiff's financial status and to deny an IFP application if an individual is unable or unwilling to verify his poverty. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). If the court determines that an individual's allegation of poverty is untrue, "it *shall* dismiss the case." 28 U.S.C. § 1915(e)(2)(A) (emphasis added).

Here, Plaintiffs have requested authority to proceed IFP and submitted a financial affidavit asserting an inability to prepay fees and costs or give security for them. *See* IFP App. (ECF No. 1). However, the application was submitted on the wrong form. The District of Nevada has adopted two types of IFP applications, one for prisoners and a "Short Form" for non-incarcerated persons. The financial affidavit required for prisoners differs from the "Short Form" for non-incarcerated litigants; thus, applicants must submit the correct form for the court's review.

Plaintiffs' IFP application and proposed complaint do not indicate that either one was incarcerated at the time of filing. However, they filed an IFP application for incarcerated persons. Because Plaintiffs used the incorrect form, the IFP Application does not contain the appropriate financial information required by § 1915(a) and the Local Rules. Although Plaintiffs may qualify to proceed IFP, the court cannot properly determine their financial status until they submit the correct application. Therefore, the court will deny Plaintiffs' IFP Application without prejudice and instruct the Clerk of Court to mail them the correct form. As explained below, both Shafonda Gholson and Sinbad Gholson must separately submit an IFP application.

Pro se parties may not pursue claims on behalf of others in a representative capacity. Only a licensed attorney—an active member of the State Bar of Nevada admitted to practice under the Nevada Supreme Court Rules— is duly authorized to represent a client in Nevada. *Guerin v. Guerin*, 993 P.2d 1256, 1258 (Nev. 2000) (citing NRS 7.285); *Martinez v. Eighth Jud. Dist. Ct.*, 729 P.2d 487, 488 (Nev. 1986) (an individual "has no right to be represented by an agent other than counsel in a court of law"). In federal courts "the parties may plead and conduct their own cases *personally or by counsel*." 28 U.S.C. § 1654 (emphasis added). Although an individual is entitled to represent himself or herself, no rule or statute permits a non-attorney to represent any other person, a company, a trust, or any other entity. *Jackson v. United Artists Theatre Circuit,*

*Inc.*, 278 F.R.D. 586, 596 (D. Nev. 2011); *Salman v. Newell*, 885 P.2d 607, 608 (Nev. 1994). Thus, pro se parties may not pursue claims on behalf of others in a representative capacity. *See*, *e.g.*, *Simon v. Hartford Life*, *Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008) (collecting cases and noting that courts routinely prohibit pro se plaintiffs "from pursuing claims on behalf of others in a representative capacity"); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself.").

Here, the proposed complaint appears to be written by Shafonda Gholson who alleges violation of her constitutional rights and those of her husband, Sinbad Gholson. The hand-written complaint contains the signature of only Shafonda Gholson who may not appear for or represent her husband. If both Shafonda and Sinbad Gholson want to jointly pursue their claims, both Shafonda Gholson and Sinbad Gholson must sign the complaint and every document submitted to the court. Ms. Gholson may not simply file a complaint alleges claims on behalf of herself and her husband. Both Plaintiffs must also fill out separate IFP applications.

Lastly, the civil rights complaint was not filed using the court's approved form for pro se plaintiffs. LSR 2-1 of the Local Rules of Practice states that a "civil rights complaint filed by a person who is not represented by counsel *must be submitted on the form provided by this court*." *Id*. (emphasis added). If one or both Plaintiffs want to move forward with their claims, each must submit the correct IFP application along with an amended complaint on the court's approved form signed by both Plaintiffs. The Clerk of Court will be directed to mail Plaintiffs a blank civil rights complaint.[1]

The court appreciates that it is difficult for pro se parties to litigate their claims. Plaintiffs are advised to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice for this Court.[2] They may also be able to participate in the Federal Court Ask-

---

[1] The Complaint for Violation of Civil Rights (non-prisoner), Pro Se Form 15, is also available for download on the United States Courts' website free of charge at www.uscourts.gov/forms/pro-se-forms/complaint-violation-civil-rights-non-prisoner.

[2] The Federal Rules of Civil Procedure may be accessed on the United States Courts website at: www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. The Local Rules of Practice may be accessed and downloaded from this court's website at: www.nvd.uscourts.gov/. Litigants may access a pro se assistance packet through a link on the court's website. *See* FILING A COMPLAINT ON YOUR OWN BEHALF IN THE UNITED STATES DISTRICT COURT,

A-Lawyer program coordinated by the Legal Aid Center of Southern Nevada.[3]

If Plaintiffs choose to file an amended complaint, they must do so by **March 29, 2019**. The amended complaint must contain a short and plain statement of: (1) the grounds for the court's jurisdiction; (2) any claim they have showing they are entitled to relief; and (3) a demand for the relief they seek. *See* Fed. R. Civ. P. 8. The amended complaint should set forth their claims in short and plain terms, simply, concisely and directly. This means Plaintiffs should avoid legal jargon and conclusions. Instead, they should summarize the information they believe to be relevant in their own words for each claim asserted in the amended complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Rule 8 demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action").

Plaintiffs are advised to support each of their claims with factual allegations, because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). When claims are alleged against multiple defendants, the complaint should clearly indicate which claims apply to which defendant. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995). Plaintiffs should specifically identify each defendant to the best of their ability, clarify what right they believe each defendant has violated and support each claim with factual allegations about each defendant's actions. Where multiple claims are alleged, the complaint should identify which factual allegations give rise to each particular claim. *Id.*

Plaintiffs are also informed that the court cannot refer to a prior pleading (*i.e.*, the original complaint) in order to make the amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. *See* LR 15-1(a). This is because, as a general rule, an amended complaint supersedes the original complaint. *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case. *Ferdik v.*

---

DISTRICT OF NEVADA, available at www.nvd.uscourts.gov/wp-content/uploads/2017/08/Representing-Yourself-Guide.pdf. The Clerk of the Court will be instructed to mail Plaintiff a copy of this pro se guide.

[3] Information about the Federal Court Ask-A-Lawyer program is available on the Legal Aid Center of Southheirn Nevada's website at www.lacsn.org/what-we-do/ask-a-lawyer or by calling 702-386-1070.

4

*Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly,

**IT IS ORDERED:**

1. Plaintiffs Shafonda P. Gholson and Sinbad S. Gholson's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **DENIED without prejudice**.

2. The Clerk of Court shall MAIL Plaintiffs one blank Complaint for Violation of Civil Rights (non-prisoner), Pro Se Form 15, one copy of the Complaint (ECF No. 1-1), *two copies* of the blank IFP application (AO 240) for non-incarcerated litigants, and one copy of this Order.

3. Plaintiffs will have until **March 29, 2019**, to file *two* completed IFP Applications along with a signed and executed financial affidavit disclosing the applicant's income, assets, expenses and liabilities.

4. Alternatively, Plaintiffs may pay the $400 filing fee on or before **March 29, 2019**.

5. Plaintiffs' failure to comply with this Order by: (a) submitting *two* completed IFP Applications, or (b) paying the filing fee before the **March 29, 2019** deadline will result in a recommendation to the district judge that this case be dismissed.

6. The proposed Complaint (ECF No. 1-1) is **DISMISSED with leave to amend by March 29, 2019**.

7. The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

8. Plaintiffs shall clearly title the amended complaint as such by writing "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on the first page and 2:19-cv-00246-GMN-PAL in the space for "Case No."

///

///

9. Plaintiffs' failure to comply with this Order by filing an amended complaint before the **March 29, 2019** deadline will result in a recommendation to the district judge that this case be dismissed.

Dated this 28th day of February 2019.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE