**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

SHAFONDA GHOLSON, et al.,

        Plaintiffs,

v.

STATE OF NEVADA, et al.,

        Defendants.

Case No. 2:19-cv-00246-APG-BNW

**ORDER**

Plaintiffs Shafonda Gholson and Sinbad Gholson file this civil-rights case under 42 U.S.C. § 1983 for events that allegedly occurred when two investigators entered their home to arrest Mr. Gholson. Both move to proceed *in forma pauperis*. (IFP Applications (ECF Nos. 6, 7), filed on March 11, 2019.) Both submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, their requests to proceed *in forma pauperis* will be granted. Mrs. Gholson, however, did not indicate her employer's name, or if she is unemployed, where her yearly wages come from. (*See* ECF No. 6 at 1.) Accordingly, Mrs. Gholson will be ordered to supplement her application.

The court screens Plaintiffs' complaint (ECF No. 6-1) as required by 28 U.S.C. §§ 1915(e)(2) and 1915A below and addresses Plaintiffs' motion for a status check (ECF No. 8).

**I.    SCREENING**

    **A.  Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard

for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Plaintiffs' Complaint**

Plaintiffs allege that on January 28, 2019, they were both sitting in an upstairs bedroom of their home when a house guest told them that two police officers had entered the house. (ECF No. 6-1 at 7.) Mrs. Gholson went downstairs and saw Officers Harris and Graham standing in her living room. (*Id.* at 8.) The officers informed Mrs. Gholson that they were looking for Mr. Gholson and that they had a warrant for his arrest. (*Id.*) Mrs. Gholson asked the officers whether they had a search warrant. (*Id.*) Plaintiffs do not indicate whether the officers answered Mrs. Gholson, but they allege that the officers did not have any search warrant for the home. (*Id.* at 7.) Still, Plaintiffs allege that the officers walked upstairs and arrested Mr. Gholson. Plaintiffs allege that he was arrested based on a "child support bench warrant." (*Id.* at 7, 8.)

Plaintiffs' grievance is straightforward: "the Police cannot perform a search of your residen[ce] looking for a third-party armed with only an arrest warrant for that individual. They

1  must have a search warrant on top of the arrest warrant, because the arrest warrant does not

2  protect your interest." (*Id.* at 9.)

3        Because the officers allegedly did not have a search warrant for Plaintiffs' home when

4  they arrested Mr. Gholson, Plaintiffs sued. Plaintiffs sue (1) the State of Nevada, (2) the City of

5  Las Vegas, (3) the Las Vegas Metropolitan Police Department, (4) the Clark County District

6  Attorneys' Office, (5) District Attorney Steve Wolfson, (6) Investigator James Harris, and (7)

7  Investigator Kurt Graham. Plaintiffs allege that entering their home without a search warrant

8  violated their rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United

9  States Constitution, Article III of the United States Constitution and the Nevada Constitution, and

10  the laws or treaties of the United States. (*Id.* at 6.)

11      **C. Analysis of Plaintiffs' Complaint**

12        Plaintiffs' file suit under 42 U.S.C. § 1983. Section 1983 provides that "[e]very person

13  who, under color of [law], subjects, or causes to be subjected, any citizen of the United States . . .

14  to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

15  shall be liable to the party injured in an action at law . . . ." Section 1983 does not create any

16  substantive rights but provides a method for enforcing rights contained in the Constitution or

17  federal statutes. *Crowley v. Nev. ex. rel. Nev. Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012). To

18  state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under

19  color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."

20  *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted).

21        Plaintiffs assert that the "defendants were acting under color of law, and directly violated

22  Constitutional Amendments 4, 5, 14, 8, Search, Due Process, Equal Protection, Cruel and

23  Unusual Punishment, and Article III of the United States Constitution, and the Nevada

24  Constitution, and the Laws or treaties of the United States of America." (ECF No. 6-1 at 5.) After

25  making this assertion, Plaintiffs lay out the facts discussed above. Plaintiffs do not include any

26  request for relief. Based on this drafting of the complaint, the court cannot discern what claims

27  are truly at issue against which defendants and what relief Plaintiffs seek such that it can screen

28

1   the complaint. Accordingly, the court dismisses Plaintiffs' complaint but provides Plaintiffs leave

2   to amend.

3          If Plaintiffs choose to file an amended complaint, Plaintiffs must allege facts supporting

4   each of their claims for relief. Plaintiffs should set forth each claim under a heading (*e.g.*,

5   Fourteenth Amendment) and then provided a short and plain statement of facts that supports each

6   claim. Plaintiffs are advised that each claim has elements that must be met to properly state the

7   claim. Accordingly, Plaintiffs should research the elements of the claims they wish to bring,

8   ensure that the facts of their case meet each element, and lay out these facts in their amended

9   complaint.

10         Plaintiffs are also advised that their complaint must contain a request for relief. *See* Fed.

11  R. Civ. P. 8(a)(3).

12         Plaintiffs are further advised that they must specify which claims they are alleging against

13  which defendants. Although the Federal Rules of Civil Procedure adopt a flexible pleading

14  policy, Plaintiffs still must give defendants fair notice of each of the claims they are alleging

15  against each defendant. Specifically, they must allege facts showing how each named defendant is

16  involved and the approximate dates of their involvement.

17         Plaintiffs are further advised that if they file an amended complaint, the original complaint

18  (ECF No. 6-1) no longer serves any function in this case. As such, if they file an amended

19  complaint, each claim and the involvement of each defendant must be alleged sufficiently. The

20  court cannot refer to a prior pleading or to other documents to make this amended complaint

21  complete. The amended complaint must be complete in and of itself without reference to prior

22  pleadings or to other documents.

23         Finally, although the court grants Plaintiffs leave to file an amended complaint, they

24  should be aware that if a person lives at a home and the police have a warrant for that person's

25  arrest, the police may enter the home without a search warrant. *See Payton v. New York*, 445 U.S.

26  573, 602-03 (1980). In *Payton*, the United States Supreme Court rejected the idea that a search

27  warrant was required to enter someone's home and arrest them pursuant to an arrest warrant. *Id.*

28  The Court stated that "for Fourth Amendment purposes, an arrest warrant founded on probable

cause implicitly carries with it the limited authority to enter a dwelling *in which the suspect lives* when there is reason to believe the suspect is within."[1] *Id.* (emphasis added); *see also Perez v. Simmons*, 884 F.2d 1136, 1140 (9th Cir. 1988), *amended*, 900 F.2d 213 (9th Cir. 1990), *order corrected*, 998 F.2d 775 (9th Cir. 1993) (holding that if the person to be arrested is a "co-resident in the apartment, the search [is] legal because the arrest warrant authorizes entry into the suspect's own home, even if that home is shared by others.").

Here, Plaintiffs allege that Mr. Gholson lived at the home where he was arrested. (ECF No. 6-1 (alleging that on "January 28, 2019, Plaintiff was sitting in *his residents* (sic) in *his upstairs bedroom*[], and the owner of the house Shafond[a] P. Gholson was also sitting in the upstairs [b]edroom.") (emphasis added).) Accordingly, Plaintiffs cannot proceed on a theory that their Fourth Amendment rights were violated because the police did not have a search warrant to enter their home to arrest Mr. Gholson on an arrest warrant.

## II.     PLAINTIFFS' MOTION FOR A STATUS CHECK

On April 26, 2019, Plaintiffs filed a one sentence request for a status check. (ECF No. 8.) In light of this order, the court denies this request as moot.

## III.     CONCLUSION AND ORDER

Accordingly, IT IS ORDERED that Plaintiffs' applications to proceed *in forma pauperis* (ECF Nos. 6, 7) are GRANTED.

IT IS FURTHER ORDERED that Mrs. Gholson must supplement her *in forma pauperis* application by March 20, 2020 by indicating who her employer is (under question 2), or, if she is unemployed, where her annual wages come from (under question 3).

IT IS FURTHER ORDERED that the clerk of court must detach and file Plaintiffs' complaint (ECF No. 6-1) and send Plaintiffs a courtesy copy of it.

---

[1] This is true even if the arrest warrant is a bench warrant, as is the case here. *See United States v. Gooch*, 506 F.3d 1156, 1159 (9th Cir. 2007) ("We hold that a valid arrest warrant issued by a neutral magistrate judge, including a properly issued bench warrant . . . carries with it the limited authority to enter a residence in order to effectuate the arrest as provided for under *Payton*.").

1    IT IS FURTHER ORDERED that Plaintiffs' complaint is dismissed without prejudice.

2    IT IS FURTHER ORDERED that if Plaintiffs choose to file an amended complaint, they

3    must do so by March 20, 2020.

4    IT IS FURTHER ORDERED that Plaintiffs' motion for a status check (ECF No. 8) is

5    DENIED as moot.

6    IT IS FURTHER ORDERED that Plaintiffs are advised that failure to comply with this

7    court's orders will result in a recommendation to the United States district judge that this case be

8    dismissed.

9

10    DATED: February 14, 2020

11

12    _____
      BRENDA WEKSLER

13    UNITED STATES MAGISTRATE JUDGE